**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EAaSTERN DIVISION**

| | | |
|---|---|---|
| Louis Gordon-Hay, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-CV-3736 |
| | ) | |
| v. | ) | Honorable Judge Shah |
| | ) | |
| Cook County Correctional Officer M. Barrios, #17524, | ) | Jury Demand |
| Cook County Sheriff's Office, and Cook County, Illinois. | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Louis Gordon-Hay, through his attorneys Hale & Monico, LLC, complains of Defendants Cook Correctional Officer M. Barrios, #17524, Cook County Sheriff's Office, and Cook County, Illinois, for his First Amended Complaint, states as follows:

**Parties**

1. Plaintiff Louis Gordon-Hay is a United States citizen and was a pre-trial detainee at the Cook County Jail, which is operated and maintained by Defendant Cook County Sheriff's Office.

2. Defendant Cook Correctional Officer M. Barrios, #17524 was, during the relevant time, employed by Defendant Cook County Sheriff's Office (a division of Defendant Cook County, Illinois) and acted within the scope of his employment and under color of law. Defendant M. Barrios is being sued in his individual capacity.

3. Defendant Cook County Sheriff's Office was, during the relevant time, the employer of Defendant Barrios, who acted within the scope of his employment.

4. Defendant Cook County, Illinois is a municipal corporation organized, existing, and doing business under the laws of the State of Illinois. Defendant Cook County, Illinois is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

1

**Jurisdiction and Venue**

5. This action arises under the Constitutional of the United States, under the laws of the United States, and under the laws of the State of Illinois.

6. The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(2) as the events complained of occurred within this district.

**Factual Allegations**

8. On or about July 25, 2021, Plaintiff was a pre-trial detainee at the Cook County Jail.

9. Plaintiff was assigned to Division 8, tier 4F.

10. On or around that date, Plaintiff was involved in a physical altercation with another inmate.

11. Correctional Officers intervened and the altercation ended.

12. Defendant M. Barrios, #17524 handcuffed Plaintiff behind his back and began escorting Plaintiff off of the tier.

13. Soon after exiting the tier, without any cause or provocation, M. Barrios intentionally shoved the handcuffed Plaintiff into a nearby concrete foundation/large pole.

14. Plaintiff's face stuck the concrete foundation/large pole and caused injury.

15. Plaintiff was taken to Cermak Urgent Care inside the jail.

16. Due to the severity of Plaintiff's injuries, he was then transported outside the jail to Stroger Hospital.

17. At Stroger Hospital, Plaintiff received medical attention for the injury caused by Defendant Barrios.

## CLAIMS

### Count I – 42 U.S.C. § 1983
### Fourteenth Amendment Violation – Excessive Force against Defendant Cook County Correctional Officer M. Barrios, #17524

18. Plaintiff incorporates all paragraphs of this Complaint.

19. Defendant M. Barrios used physical force against Plaintiff when he intentionally shoved Plaintiff into a concrete post.

20. The use of force by Defendant M. Barrios was not reasonable based on the totality of the circumstances.

21. Defendant M. Barrios' use of force against Plaintiff violated Plaintiff's rights under the Fourteenth Amendment.

22. As a result of the violation of his civil rights, Plaintiff was injured and suffered damages.

Wherefore, Plaintiff prays for judgment against Defendant M. Barrios and requests an award of compensatory and punitive damages, attorneys' fees, costs, and any other relief that is just and appropriate.

### Count II – Illinois State Law Claim
### Battery – Against Defendant Cook County Sheriff's Office, Illinois

23. Plaintiff incorporates all paragraphs of this Complaint.

24. Defendant M. Barrios used physical force against Plaintiff.

25. The use of force by Defendant M. Barrios was not legally justified.

26. Defendant M. Barrios' use of force against Plaintiff constituted a battery under Illinois law.

27. As a result of the battery inflicted upon him, Plaintiff was injured and suffered damages.

28. Defendant M. Barrios was, during the relevant time, employed by Defendant Cook County Sheriff's Office and acted within the scope of his employment. As such, Defendant Cook County Sheriff's Office is liable for Defendant M. Barrios' conduct.

Wherefore, Plaintiff prays for judgment against Defendant Cook County Sheriff's Office and requests an award of compensatory damages, costs, and any other relief that is just and appropriate.

### Count III – Illinois State Law Claim
### Willful and Wanton Conduct - Against Defendant Cook County Sheriff's Office, Illinois

29. Plaintiff incorporates all paragraphs of this Complaint.

30. During the relevant time, Defendant Cook County Sheriff's Office had a duty to refrain from willful and wanton conduct.

31. On or about July 25, 2021, Defendant Cook County Sheriff's Office (through its employees) breached that duty as it relates to Plaintiff by acting in a manner that was intentional or done with an utter indifference to or conscious disregard for Plaintiff's health and safety in the following ways:

   A. Intentionally shoving Plaintiff into a concrete post;
   B. Shoving or pushing Plaintiff in such a manner as to cause Plaintiff to come into contact with a concrete post;
   C. Using excessive and/or unreasonable force against Plaintiff;
   D. Failed to exercise the proper level of force that was warranted under the totality of the circumstances;
   E. Failed to properly respond to the situation, failed to properly de-escalate the situation, and failed to properly defuse the situation without resorting to the use of the force;
   F. Acted inconsistently with and/or violated applicable law enforcement and legal standards as it relates to the use of force against a non-resisting or passively resisting detainee; and
   G. Was otherwise willful and wanton.\

32. As a proximate result of one or more of the aforementioned willful and wanton acts, Plaintiff suffered injuries.

33. Defendant Barrios acted within the scope of his employment with Defendant Cook County Sheriff's Office; as such, the Sheriff's Office is liable for his actions under the legal theory of *Respondeat Superior*.

4

Wherefore, Plaintiff prays for judgment against Defendant Cook County Sheriff's Office and requests an award of compensatory damages, costs, and any other relief that is just and appropriate.

## Count IV
## Illinois State Law – Indemnification
## Cook County, Illinois

34. Plaintiff incorporates all paragraphs of this Complaint.

35. During the relevant time, Defendant M. Barrios acted within the scope of his employment with Defendant Cook County Sheriff's Office (a division of Defendant Cook County, Illinois).

36. Pursuant to 745 ILCS 10/9-102, Defendant Cook County, Illinois is required to indemnify the Cook County Sheriff's Office and any Sheriff's Office employee for any judgment against a correctional officer for acts or omissions done within the scope of their employment and is required to indemnify the Cook County Sheriff's Office for any judgment against it based on the acts or omissions done committed by the employee while acting within the scope of their employment.

WHEREFORE, Plaintiff prays that Defendant Cook County, Illinois be required to indemnify Defendant M. Barrios and Defendant Cook County Sheriff's Office for any award of compensatory damages, attorneys' fees, and costs awarded against him.

## Jury Demand

Plaintiff Louis Gordon-Hay demands a trial by jury.

                                        Respectfully submitted,
                                        */s/ Shawn W. Barnett*
                                        Attorney No. 6312312

**Hale & Monico, LLC**
53 West Jackson, Suite 334
Chicago, IL 60604
HaleMonico.com
sbarnett@halemonico.com
312-870-6905

## **Certificate of Service**

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

A courtesy copy of the filed document may also be delivered to the Court, depending upon the Court's standing order.

<em>/s/ Shawn W. Barnett</em>